Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## OPINION

No. 04-10-00730-CV

Israel **HERNANDEZ**,
Appellant

v.

**GREY WOLF DRILLING, L.P.**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 08-11-47599-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: June 22, 2011

REVERSED AND REMANDED

Appellant, Israel Hernandez, appeals from the trial court's order rendering a no-evidence

summary judgment in favor of appellee, Grey Wolf Drilling, L.P ("Grey Wolf"). We reverse

and remand.

### BACKGROUND

Hernandez was fifty-three years old and an employee of Grey Wolf when Grey Wolf

terminated his employment on September 17, 2007. Following his termination, Hernandez sued

Grey Wolf under the Texas Commission on Human Rights Act ("TCHRA") for age discrimination and retaliation. According to Hernandez's petition, he worked for Grey Wolf under the direct supervision of John Jansen, a truck manager at Grey Wolf's Alice, Texas location. Hernandez claimed Jansen repeatedly referred to him as "old man" and "old fart" in the presence of other employees and did not use similar language when referring to younger employees. In October 2006 and again in June or July 2007, Hernandez told Jansen that he was offended and hurt by these comments, but Hernandez claimed Jansen continued to make similar remarks until he fired Hernandez and replaced him with a younger worker. Grey Wolf filed a no-evidence motion for summary judgment on both of Hernandez's claims, and the trial court rendered summary judgment in Grey Wolf's favor.

## STANDARD OF REVIEW

We review a no-evidence motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *O'Donnell v. Smith*, 234 S.W.3d 135, 140 (Tex. App.—San Antonio 2007), *aff'd*, 288 S.W.3d 417 (Tex. 2009). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the non-movant produces more than a scintilla of probative evidence to raise a genuine issue of material fact, the trial court cannot properly grant a no-evidence summary judgment. *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their

conclusions," while less than a scintilla exists when the evidence is "so weak as to do no more than create mere surmise or suspicion." *Id*.

When summary judgment is sought on multiple grounds and the trial court's order does not indicate the basis for its ruling, we will affirm the summary judgment if the movant advances any meritorious theory. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.).

## AGE DISCRIMINATION CLAIM

Under the THCRA:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

TEX. LAB. CODE ANN. § 21.051 (West 2006). The TCHRA also provides:

(a) Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that race, color, sex, national origin, religion, age, or disability was a motivating factor for an employment practice, even if other factors also motivated the practice, unless race, color, sex, national origin, religion, age, or disability is combined with objective job-related factors to attain diversity in the employer's work force.

(b) In a complaint in which a complainant proves a violation under Subsection (a) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant declaratory relief, injunctive relief except as otherwise provided by this subsection, and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a), but may not award damages or issue an order requiring an admission, reinstatement, hiring, promotion, or back pay.

*Id.* § 21.125. Because the TCHRA's stated purpose is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments," Texas courts apply analogous federal case law when interpreting the Texas statute. *Id.* § 21.001(1); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

There are two types of Title VII employment discrimination cases. *Quantum Chem.*, 47 S.W.3d at 476. The first is the "pretext" case, in which the plaintiff claims the employer's stated reason for the adverse action was a pretext for discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). In a pretext case, federal and Texas courts traditionally follow the *McDonnell Douglas-Burdine* framework for allocation of proof. *E.g.*, *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999); *Quantum Chem.*, 47 S.W.3d at 479–80; *Claymex Brick & Tile, Inc. v. Garza*, 216 S.W.3d 33, 35 (Tex. App.—San Antonio 2006, no pet.). Under the *McDonnell Douglas-Burdine* framework, the plaintiff-employee has the burden of producing evidence that raises an inference of discrimination. *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 435 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The plaintiff's burden at this stage "is not onerous." *Quantum Chem.*, 47 S.W.3d at 477 (quoting *Burdine*, 450 U.S. at 253). A prima facie case of age discrimination requires proof that the plaintiff (1) is at least forty years of age; (2) was discharged; (3) was qualified for the position from which he was discharged; and (4) was replaced by someone under forty, replaced by someone younger, or was otherwise discharged because of age. *Russo*, 93 S.W.3d at 435. If the plaintiff makes this showing, the burden then shifts to the defendant-employer to articulate a "legitimate, nondiscriminatory reason" for the plaintiff's discharge. *Quantum Chem.*, 47 S.W.3d at 477 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant can articulate such a reason, the presumption of discrimination created

by the plaintiff's prima facie showing is eliminated, and the burden shifts back to the plaintiff to show the defendant's stated reason was a pretext for discrimination. *Id.* The Texas Supreme Court has held that under the TCHRA, a plaintiff need only prove that age discrimination was "a motivating factor" in the termination decision. *Id.* at 480.

The second type of employment discrimination case is the mixed-motive case, in which the plaintiff has direct evidence of discrimination in the employment decision. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244–45 (1989). Whether a case will be classified as a pretext case or a mixed-motive case "depends entirely" on whether the plaintiff has direct evidence that discriminatory motives influenced the employer's decision to terminate the plaintiff. *Quantum Chem.*, 47 S.W.3d at 476. If the plaintiff has only circumstantial evidence that the employment decision was motivated by discrimination, the case will be classified as a pretext case "regardless of how many motives the employer had." *Id.* at 477.

Here, the only evidence of discriminatory animus Hernandez offers is his claim that Jansen repeatedly referred to him as "old man" and "old fart," which is circumstantial evidence that he was actually terminated because of his age. Also, in his original petition, Hernandez claims, "Following [my] rejection of age-based animus fostered by [Grey Wolf], [I] was retaliated against when on or about September 17, 2007, [I] was terminated. Based upon unsubstantiated allegations that [my] services were no longer good to maintain [my] work duties and responsibilities for Grey Wolf Drilling, [Grey Wolf] terminated [me]." Thus, the pleadings support classification of Hernandez's case as a pretext case. Neither Hernandez nor Grey Wolf argues this is a mixed-motive case. Therefore, the proper framework for our analysis is the *McDonnell Douglas-Burdine* framework. *See id.* at 479.

In its no-evidence motion for summary judgment and in its brief on appeal, however, Grey Wolf argues the trial court should evaluate Hernandez's pretext claim using the *Gross v. FBL Financial Services, Inc.* "but for" test rather than the *McDonnell Douglas-Burdine* framework. 129 S. Ct. 2343 (2009). In *Gross*, the United States Supreme Court held the federal Age Discrimination in Employment Act of 1967 ("ADEA") does not authorize mixed-motive age discrimination claims. *Id.* at 2350. The Court reasoned that unlike Title VII, which contains the "motivating factor" language discussed in *Quantum Chemical*, the ADEA provides only that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment *because of* such individual's age." *Id.* (quoting 29 U.S.C. § 623(a)(1) (2006) (emphasis added)). Thus, the Court explained, "the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Id.* at 2349. The Court also held that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352.

The law is currently unsettled as to whether *Gross*, which construed the federal ADEA, also applies to age discrimination claims brought under the TCHRA. *Houchen v. Dallas Morning News*, No. 3:08-CV-1251-L, slip op. at *11–12 (N.D. Tex. Apr. 1, 2010). However, we believe *Gross* does not apply to this case for two reasons. First, the TCHRA contains the "motivating factor" language that the *Gross* majority noted was critically absent from the ADEA. TEX. LAB. CODE ANN. § 21.125(a). Thus, *Gross*'s analysis may not apply to TCHRA claims.

Second, no court has extended *Gross* to a pretext claim, and, in fact, *Gross* explicitly left open the question of whether the *McDonnell Douglas-Burdine* framework is still the appropriate framework for evaluating pretext claims brought under the ADEA. *Gross*, 129 S. Ct. at 2349 n.2. For these reasons, we disagree with Grey Wolf's argument that we should apply the *Gross* "but for" test to Hernandez's pretext claim, and we instead apply the traditional *McDonnell Douglas-Burdine* framework. *See Quantum Chem.*, 47 S.W.3d at 479.

Turning to Grey Wolf's no-evidence motion for summary judgment, we note that Grey Wolf did not challenge any of the four elements of Hernandez's prima facie claim under *McDonnell Douglas-Burdine*. Instead, Grey Wolf's motion alleges Hernandez failed to present any evidence that: (1) he would not have been fired "but for" his age; (2) he was treated differently than younger workers; (3) Grey Wolf did not have a legitimate, non-discriminatory reason for terminating him; or (4) Grey Wolf's reason for terminating him was pretextual. Hernandez, however, did not have the burden of proof on any of these points. Hernandez did not have the burden to prove that he would not have been fired "but for" his age, nor did he have the burden to prove he was treated differently than other workers. Also, it was Grey Wolf's burden to prove it had a legitimate, nondiscriminatory reason for terminating him; it was not Hernandez's burden to prove the opposite. In addition, because Grey Wolf did not articulate a legitimate, nondiscriminatory reason for terminating Hernandez, the burden to prove pretext never shifted back to Hernandez.

In any event, we conclude Hernandez's affidavit provided more than a scintilla of evidence on all four elements of his prima facie claim. In response to the no-evidence motion for summary judgment, Hernandez submitted his affidavit, which explicitly states Hernandez was fifty-three years old when he was discharged by Grey Wolf in 2007 and replaced by a younger

worker. Also, the affidavit raises more than a scintilla of evidence that Hernandez was qualified for the position from which he was discharged. Hernandez's affidavit states, "During my employment at Grey Wolf I performed my job consistent with the directions and expectations provided to me by Mr. Jansen." The affidavit cites several instances where Hernandez followed Jansen's instructions and timely completed assignments. Finally, the affidavit states that Jansen used an incident involving another employee "to support his decision to terminate [Hernandez] the following week." However, according to the affidavit, "Jansen knew that [Hernandez] had no direct culpability in this incident."

For these reasons, a no-evidence summary judgment could not properly be rendered on Hernandez's age discrimination claim.

## RETALIATION CLAIM

In an action for retaliation brought under the TCHRA, the plaintiff-employee must make a prima facie showing that: (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Protected activities include: (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing. *Id.* (citing TEX. LAB. CODE ANN. § 21.055). If the plaintiff makes this showing, the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.*

Here, Grey Wolf's no-evidence motion for summary judgment alleges Hernandez has no evidence that: (1) Hernandez engaged in a protected activity or complained about alleged discrimination or harassment, or (2) a causal connection existed between the protected activity

and the termination. However, Hernandez's affidavit states he complained to Jansen on two occasions about his alleged use of the terms "old man" and "old fart," which we believe raises more than a scintilla of evidence that Hernandez complained about alleged discrimination or harassment. Also, Hernandez claims in his affidavit: "[A]fter I expressed to Mr. Jansen my displeasure with his age-related comments to me, he terminated my employment . . . based upon unsubstantiated allegations against me." According to the affidavit, Hernandez performed his job consistently with Jansen's expectations and directions and was fired as a direct result of his complaints regarding Jansen's alleged age-related comments. We conclude Hernandez met his burden of producing summary judgment evidence raising more than a scintilla of evidence that a causal connection existed between Hernandez's complaints and his termination; therefore, Grey Wolf was not entitled to a no-evidence summary judgment on Hernandez's retaliation claim.

## CONCLUSION

The trial court's order rendering a no-evidence summary judgment in favor of Grey Wolf is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.


Sandee Bryan Marion, Justice