

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00065-CV

Loretta **WANG**,
Appellant

v.

**THE UNIVERSITY OF TEXAS AT AUSTIN**,
Appellee

From the 200th District Court, Travis County, Texas
Trial Court No. D-1-GN-11-000577
The Honorable Orlinda L. Naranjo, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  October 9, 2013

AFFIRMED

Appellant Loretta Wang complains that the trial court erred in granting the University of Texas at Austin's plea to the jurisdiction and in dismissing the case with prejudice without first allowing Wang an opportunity to amend her pleadings.  We affirm the judgment of the trial court.

### BACKGROUND

Wang, a woman over the age of forty and of Taiwanese national origin, was employed as an Administrative Associate in the Middle Eastern Studies Department at the University of Texas at Austin (UT).  As of September 1, 2007, Wang worked under the direct supervision of

Christopher Adams. Wang's 2008 evaluation led to several disciplinary actions for violating UT policy. On January 23, 2009, she received a Level 1 Reminder regarding her inconsistency in reviewing documents. On June 11, 2009, Wang received a Level 2 Reminder regarding her inability to follow her supervisor's instructions, lack of awareness of policies related to her job, and difficulty performing necessary tasks according to those policies. In July 2009, Wang went on extended sick leave and did not return to work until January 26, 2010, consequently postponing the receipt of her Level 3 Reminder. Upon her return to work, Wang was presented with the Level 3 Reminder and provided a Notice of Decision Making Day, part of UT's progressive discipline policy which provides that an employee shall be informed of her performance and given a paid day off to decide whether she wishes to commit to fulfilling the duties of her position or resign. Wang chose to continue in her position and meet the expectations of her job.

Subsequently, on February 2, 2010, Wang took paid sick leave. While on leave, Wang filed a charge of race, national origin, sex, and age discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC). Thereafter, she logged into UT's administrative system and changed a payment document. Adams, unaware that Wang had filed a charge with the EEOC, instructed Wang not to access the UT system from home while on sick leave. Adams warned that her continued attempts to access the system while on sick leave would result in termination. After several additional attempts to log into the UT system while on sick leave, Adams sent Wang a Termination Letter ending Wang's employment with UT.[1]

After Wang's termination, Adams posted an opening for a Senior Administrative Associate, a position with different responsibilities and experience than the position Wang held as

---

[1] Adams learned of the EEOC complaint in late March 2010, and Wang was terminated on April 27, 2010.

Administrative Associate. Stephanie Hall was ultimately hired to fill the position of Senior Administrative Associate.

On October 12, 2010, Wang filed suit against UT. She alleged that Adams replaced her with a younger, white, American woman. UT filed special exceptions to Wang's Original Petition on May 6, 2011. Wang filed her First Amended Petition on June 15, 2011, thereby mooting UT's special exceptions. Wang's amended petition included claims of race, national origin, sex, and gender discrimination and retaliation under the Texas Commission on Human Rights Act (TCHRA). *See* TEX. LABOR CODE ANN. § 21.051(1) (West 2006). She also asserted a claim for intentional infliction of emotional distress.

The scheduling order required that the parties file any amended pleadings asserting new causes of action on or before July 15, 2011. Discovery concluded May 31, 2012. The dispositive motions deadline was set for July 31, 2012. Upon completion of discovery, UT filed a plea to the jurisdiction and alternative motion for summary judgment seeking dismissal of Wang's claims on July 31, 2012. In response, on August 22, 2012, Wang filed her "Third[2] Amended Pleading/Rebuttal to Jurisdiction and Summary Judgment," supplying additional facts and new claims of negligence, a violation of the Americans with Disabilities Act, and a hostile work environment claim under the TCHRA. UT filed a rebuttal claim on August 27, 2012 objecting to the new claims asserted at such a late time and arguing that nothing in Wang's rebuttal established the court's jurisdiction on the previously existing claims.

A hearing was held on the plea to the jurisdiction on August 28, 2012. There was no express ruling by the trial court regarding Wang's recent rebuttal and whether it constituted an amended pleading given that it asserted new claims. The trial court granted UT's plea to the

---

[2] Wang did not file a second amended pleading in this matter; her Third Amended Pleading followed her First Amended Petition.

jurisdiction and dismissed Wang's claims with prejudice. The trial court issued findings of fact and conclusions of law relating only to Wang's First Amended Petition. The trial court concluded that Wang did not present direct evidence of discrimination or retaliation by UT and also failed to present evidence of a *prima facie* case of discrimination or retaliation by UT, thus depriving the trial court of jurisdiction to consider her TCHRA claims. The court further concluded that UT's termination of Wang was legitimately motivated, non-discriminatory, and non-retaliatory. Finally, the court concluded that Wang's claim for intentional infliction of emotional distress was barred by sovereign immunity.

### DISCUSSION

Wang proceeds pro se on appeal. She appears to argue that the trial court erred in granting UT's plea to the jurisdiction without (1) ruling on UT's special exceptions and (2) allowing Wang to amend her pleadings. We review a trial court's order granting a plea to the jurisdiction de novo. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010); *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). After UT filed its special exceptions, Wang filed her First Amended Petition, thereby mooting UT's special exceptions. Amended pleadings take the place of prior pleadings. *See* TEX. R. CIV. P. 65 (substituted instrument takes place of original). Because the special exceptions were moot, the trial court did not err in failing to rule on them. *See FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (amended pleadings and their contents take the place of prior pleadings); *A.V. Emmott & Sons, Bookbinders, Inc. v. Denenburg*, No. 01-92-00836-CV, 1993 WL 93534, at *1 (Tex. App.—Houston [1st Dist.] Apr. 1, 1993, no pet.) ("The issue of whether the trial court erred in denying a special exception to a moot pleading is itself moot.").

As far as Wang's amendment argument is concerned, her Third Amended Petition/Rebuttal, which purported to amend her pleadings, was filed without leave of court and

past the July 15, 2011 deadline provided by the trial court's scheduling order. A party must seek leave of court to amend its pleadings after the deadline imposed by a scheduling order. *See Hakemy Bros., Ltd. v. State Bank & Trust Co., Dallas*, 189 S.W.3d 920, 924 (Tex. App.—Dallas 2006, pet. denied). There is no right to amend pleadings to assert new claims, without leave of court, after that deadline has passed. *Id.* Accordingly, we cannot conclude the trial court erred in implicitly denying Wang leave to amend her pleadings and basing its decision to grant the plea to the jurisdiction on Wang's only timely filed petition, i.e., her First Amended Petition.

In any event, the trial court properly granted the plea to the jurisdiction without allowing Wang leave to amend her pleadings because the record reflects that the trial court lacked subject matter jurisdiction over Wang's claims, and thus amendment was futile. A plea to the jurisdiction typically challenges whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case and can also challenge the existence of those very jurisdictional facts. *Mission Consolidated Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When deciding a plea to the jurisdiction, we review not only the pleadings, "but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000).

Wang brought claims for discrimination (age, race, gender, and national origin) and retaliation under the TCHRA. Under the *McDonnell-Douglas* burden-shifting analysis, the plaintiff has the initial burden to present a *prima facie* case of discrimination.[3] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (analyzing disparate treatment claim based on

---

[3] We follow federal statutes and cases in applying the TCHRA. *See* TEX. LABOR CODE ANN. § 21.001 (West 2006); *AutoZone, Inc. v. Reyes,* 272 S.W.3d 588, 592 (Tex. 2008) (noting that, by enacting the TCHRA, the Texas Legislature "intended to correlate state law with federal law in employment discrimination cases") (quoting *Wal-Mart Stores, Inc. v. Canchola*, 121S.W.3d 735, 739 (Tex. 2003)).

circumstantial evidence); *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 270 (Tex. App.—San Antonio 2001, no pet.). In order to present a *prima facie* case of discrimination, a plaintiff must show that she was: (1) a member of the protected class under the TCHRA; (2) qualified for her position; (3) terminated by her employer; and (4) replaced by someone outside her protected class or treated less favorably than similarly situated members of the opposing class. *Garcia*, 372 S.W.3d at 640, 642.

Here, the record reflects that Wang was unable to show that she was replaced by someone outside her protected class.[4] To the contrary, Wang admitted at the hearing that no one replaced her. Stephanie Hall was hired to fill the position of Senior Administrative Associate, a position which required different experience and responsibilities than the position of Administrative Associate held by Wang. Hall performed a different job altogether than Wang. The fact that Wang may have believed Hall was hired to replace her is insufficient to establish a *prima facie* case of discrimination. *See Romo*, 48 S.W.3d at 270 (citing *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("[S]ubjective beliefs of discrimination *alone* are insufficient to establish a *prima facie* case."). Therefore, Wang was unable to present a *prima facie* case of discrimination.

We likewise conclude that Wang failed to present a *prima facie* case of retaliation. To make a *prima facie* showing of retaliation, a plaintiff must show that: (1) she engaged in a protected activity, such as filing a charge or complaint; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004); *Hernandez v. Grey Wolf Drilling, L.P.*, 350 S.W.3d 281, 286 (Tex. App.—San Antonio 2011, no pet.); *see also McCoy v. Tex. Instruments, Inc.*, 183

---

[4] In regard to Wang's gender discrimination claim, Hall is not outside Wang's protected class as they are both females.

S.W.3d 548, 555 (Tex. App.—Dallas 2006, no pet.) (noting that retaliation claims use "[t]he same burden-shifting analysis" as discrimination claims).

Wang failed to show that there was a causal connection between her termination and her having filed a charge of discrimination with the EEOC. *See Hernandez*, 350 S.W.3d at 286. Factors to consider regarding whether a causal link exists include the timing of the adverse employment action in relation to the protected activity; knowledge of the protected activity by employees making the decision to terminate employment; a negative attitude towards the protected activity; deviation from company policy or disparate treatment of similarly situated employees; and whether the stated reason for employment termination is false or only a pretext. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 451 (Tex. 1996). Here, Wang's supervisor was unaware of the EEOC charge at the time he initiated the notice of intent to terminate. Additionally, Wang's disciplinary record demonstrates that there was good reason for the action being taken. Further, there is evidence that UT followed its policy of progressive discipline by giving Wang evaluations and informing her where she needed to improve. Accordingly, Wang failed to establish a *prima facie* case of retaliation. Because Wang was unable to establish a *prima facie* case of discrimination or retaliation, we cannot conclude the trial court erred in granting UT's plea to the jurisdiction. *See Garcia*, 372 S.W.3d at 635; *Hernandez*, 350 S.W.3d at 286.

We additionally conclude the trial court properly granted UT's plea to the jurisdiction because it lacked subject matter jurisdiction over Wang's claim for intentional infliction of emotional distress. Intentional infliction of emotional distress is an intentional tort. *See Hardin Cnty. Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 552 (Tex. App.—Beaumont 2009, no pet.). The Texas Tort Claims Act provides a limited waiver of sovereign and governmental immunity for certain suits against governmental units. *See Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). UT is a governmental unit for purposes of the Texas Tort Claims Act. *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A) (West Supp. 2012) ("governmental unit" means "this state and all the several agencies of government that collectively constitute the government of this state"); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 354 n.5 (Tex. 2004). Since this claim involves the allegation of an intentional tort, we conclude that section 101.057 of the Texas Civil Practice and Remedies Code precludes it from being asserted against UT under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2011 & Supp. 2012); *Midland Indep. Sch. Dist. v. Watley,* 216 S.W.3d 374, 381 (Tex. App.—Eastland 2006, no pet.). As such, the trial court did not err in dismissing Wang's claim for intentional infliction of emotional distress for lack of subject matter jurisdiction because there was no waiver of sovereign immunity.

## CONCLUSION

Based on the foregoing, we overrule Wang's issue on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice