

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00142-CV

Joe A. **ZUNIGA**,
Appellant

v.

**THE CITY OF SAN ANTONIO**, Acting By and Through its Agent City Public Service Board
d/b/a CPS Energy,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-14216
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  January 8, 2014

AFFIRMED

    Joe A. Zuniga appeals from a summary judgment granted in favor of his former employer,

The City of San Antonio, Acting By and Through its Agent City Public Service Board d/b/a CPS

Energy on Zuniga's claim for retaliatory discharge.  Because Zuniga failed to present more than a

scintilla of evidence that the stated reason for his termination was a pretext for retaliation, we

affirm the judgment of the trial court.

**BACKGROUND**

Zuniga began working for CPS Energy in 1989 as a custodian. He was later promoted to the position of Journeyman Carpenter. In September 2009, Zuniga made a "lengthy protected complaint" to CPS Energy Director Brenda Siller regarding ethnic and racial discrimination, and also raised other complaints regarding the work atmosphere and conduct of his co-workers and supervisor based on their falsification of timesheets. Ms. Siller investigated the complaints over a three-month period and found no violations of company policy.

In February 2010, Zuniga threw a roll of duct tape at a wall while at work. According to Zuniga, he was frustrated that other employees asked him for supplies after failing to stock their vehicles with sufficient supplies to complete jobs. Zuniga was accused of throwing the tape at his foreman, who happened to be in an adjacent elevator. Because of this incident, Zuniga was placed on decision-making leave.

Decision-making leave is part of CPS Energy's Corrective Action Policy, a progressive discipline policy which includes four steps: coaching, oral reminder, written reminder, and finally, decision-making leave. "Decision-making leave" is a corrective action whereby the employee is given a day off to consider the reason for the corrective action, and whether the employee would like to remain employed with the employer. If the employee decides to remain employed, he must agree in writing to comply with the employer's standards of conduct and safety rules, practices, policies, and performance expectations. The employee is then allowed to return to work "with the understanding that if a positive change in behavior or work performance does not occur, or if another problem arises, the employee will be subject to termination." The decision-making leave status remains in effect for a period of 12 months.

According to Zuniga, CPS Energy retaliated against him for filing the September 2009 complaint by immediately placing him on decision-making leave instead of following the

progressive discipline policy. Zuniga then filed a grievance requesting that the decision-making leave be changed to an oral or written reminder. CPS Energy management, however, elected to uphold the decision-making leave.

On September 23, 2010, Zuniga placed a ladder in the bed of a CPS Energy truck (which had diamond plate flooring) to see the top of a leaky roof. A CPS Energy safety specialist was in the area and photographed the ladder in the bed of the truck. Zuniga told the investigative safety specialist that he had not actually climbed the ladder, and that he had intended to use the ladder to climb only three feet to see which smoke stack was leaking. Zuniga chose to use the ladder in the truck bed instead of using a secure, permanently installed ladder in the rear of the building. On October 5, 2010, Zuniga was notified that his decision-making leave status had been extended an additional 12 months. Zuniga was warned that his "job [was] in jeopardy, and failure to improve to acceptable performance levels could result in [his] dismissal."

On October 13, 2010, Zuniga filed a complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission asserting a complaint of retaliation by CPS Energy.

On or about October 22, 2010, Zuniga was injured while using a table saw at work. The tip of his thumb was cut off, resulting in impairment and disability to his hand. Zuniga alleged that the injury was caused by a table saw "kick back." He also alleged that the saw was old and defective and that no inspections or maintenance had been performed on the saw by the safety specialist. CPS Energy determined that the accident was preventable and was caused by user error. Because he committed a safety violation while on decision-making leave status, Ms. Siller made the final decision to separate Zuniga's employment. In her memorandum recommending termination, Ms. Siller states that "Safety is one [of] CPS Energy's Core Values" and that

"Zuniga's unsafe acts have put himself, and could have put others, at risk." CPS Energy terminated Zuniga's employment on November 23, 2010.

On August 31, 2011, Zuniga filed suit against CPS Energy under section 451.001 of the Texas Labor Code alleging that he was discriminated against because he sustained and reported his on-the-job injury. *See* TEX. LAB. CODE ANN. § 451.001 (West 2006). On May 3, 2012, Zuniga filed his Second Amended Petition, wherein he additionally alleged that he was discharged and discriminated against because he filed an internal complaint of discrimination, and thus sought redress under Chapter 21 of the Labor Code. *See* TEX. LAB. CODE ANN. § 21.055 (West 2006).

CPS Energy subsequently filed a traditional and no-evidence motion for summary judgment, arguing that Zuniga failed to: (1) exhaust his administrative remedies on his discrimination claim; (2) timely allege claims of discrimination or retaliation within the 60-day period prescribed by the Labor Code; (3) establish a prima facie case of discrimination or retaliation; and (4) refute CPS Energy's legitimate, nondiscriminatory and non-retaliatory reason for its decision to terminate Zuniga's employment, which was that Zuniga was terminated solely due to his repeated safety and disciplinary infractions. CPS Energy also filed a plea to the jurisdiction on similar grounds. After a hearing, the motion for summary judgment was denied as moot as to Zuniga's Chapter 21 discrimination claims and granted as to Zuniga's Chapter 21 retaliation claim.[1] Zuniga now appeals, arguing the trial court erred in granting the motion for summary judgment on his retaliation claim.

## STANDARD OF REVIEW

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Provident Life & Accident Ins. Co. v. Knott*, 128

---

[1] The plea to the jurisdiction was granted as to Zuniga's Chapter 21 discrimination claims and denied as to Zuniga's Chapter 21 retaliation claim.

S.W.3d 211, 215 (Tex. 2003). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Knott*, 128 S.W.3d at 216. To prevail as a defendant, the movant must either conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense that would overcome the plaintiff's cause of action. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

In a no-evidence summary judgment motion, the movant contends there is no evidence of one or more essential elements of the claims for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See id.*; *see also W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The nonmoving party is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i); *Ronald Holland's A-Plus Transmission & Auto., Inc. v. E-Z Mart Stores, Inc.*, 184 S.W.3d 749, 760 (Tex. App.—San Antonio 2005, no pet.).

## DISCUSSION

In its no-evidence motion for summary judgment, CPS Energy asserted that Zuniga failed to establish a prima facie case of retaliation because he presented no evidence of a causal connection between his alleged protected activity and the termination of his employment. To

establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; and (3) a causal link existed between the protected activity and the adverse action. *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 376 (Tex. App.—Fort Worth 2006, no pet.). CPS Energy specifically alleged that the lack of temporal proximity between the filing of Zuniga's internal complaints in 2009 and his second decision-making leave in October 2010 and his termination in November 2010 precludes a causal connection.

Assuming that Zuniga presented more than a scintilla of evidence that a causal link existed between his internal complaint and his termination, thus establishing a prima facie case of retaliation, the burden shifted to CPS Energy to articulate a non-retaliatory reason for the adverse employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Hernandez v. Grey Wolf Drilling, L.P.*, 350 S.W.3d 281, 286 (Tex. App.—San Antonio 2011, no pet.); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 554 (Tex. App.—Dallas 2006, no pet.). If the employer articulates a legitimate, non-retaliatory reason for the adverse employment action, the burden shifts back to the employee to show that the articulated reasons are pretextual. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 482 (Tex. 2001) (stating plaintiffs pursuing claims under the TCHRA must "show that discrimination was a motivating factor in an adverse employment decision"); *Hernandez*, 350 S.W.3d at 284.

To raise a fact issue on the pretext element of a retaliation claim, the employee must present evidence proving the reasons stated by the employer were not its true reasons, but were a pretext for retaliation, or the reasons were not credible. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 497 (Tex. App.—Dallas 2013, no pet.). An employer is entitled to judgment as a matter of law if the record conclusively establishes some other, non-retaliatory reason for the employer's decision, or if the

plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no retaliation had occurred. *See Reeves*, 530 U.S. at 148. The issue at the pretext stage is not whether the employer made an erroneous decision; it is whether the decision, even if incorrect, was the real reason for the employment determination. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). The employer "is entitled to be unreasonable so long as it does not act with discriminatory animus." *Id.* If the employee intends to show the explanation is so unreasonable it must be pretextual, it is the employee's burden to proffer evidence creating a fact issue regarding reasonableness. *Id.*

Here, the summary judgment record reflects that CPS Energy claimed it terminated Zuniga's employment because he engaged in repeated, unsafe, and dangerous conduct, including: (1) throwing a roll of duct tape in anger at another employee; (2) dangerously erecting a ladder in the bed of his truck, and insisting it was safe to do so; (3) using a table saw in an unsafe and improper manner, such that he put his own safety and that of his coworkers at risk. An employer's enforcement of safety policies is a legitimate reason for discharge. *See, e.g., Gutierrez v. Contract Freighters, Inc.*, No. 04-04-00912-CV, 2006 WL 1328099, at *3 (Tex. App.—San Antonio May 17, 2006, no pet.) (mem. op.) (appellant's unsatisfactory safety record was legitimate nondiscriminatory reason for discharge which appellant failed to rebut).

Given that CPS Energy articulated a legitimate non-retaliatory reason for its decision to discharge Zuniga, the burden shifted to Zuniga to present evidence of pretext. The Supreme Court of Texas has held that the relevant inquiry at this stage is "not whether the complaints made against [the employee] were a pretext, but what they were a pretext *for*." *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740 (Tex. 2003) (per curiam) (emphasis in original). In his affidavit attached to the response to the motion for summary judgment, Zuniga claimed that CPS Energy's

explanation for his disciplinary write ups and termination are not worthy of credence. He specifically averred that the basis for the company's determination that the table saw incident was a preventable accident was false, and that, in actuality, the defective table saw caused the accident. A generalized assertion of falsity, however, is not enough to raise a fact issue as to pretext. *See Crutcher*, 410 S.W.3d at 498. Zuniga's assertion that the table saw investigation arrived at an incorrect conclusion is also insufficient to raise a genuine issue of material fact as to pretext. *See Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 656-57 (Tex. App.—Dallas 2012, no pet.) (pretext analysis asks whether employer's description for its reasons for a decision are honest, not whether they are right). Evidence that an employer's investigation came to an incorrect conclusion does not establish an improper motivation behind an adverse employment decision. *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 818 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Management does not have to make proper decisions, only non-discriminatory ones.") (quoting *Bryant v. Compass Grp. USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005)). Thus, even if it is untrue that Zuniga is to blame for the table saw accident, Zuniga still bore the burden to raise a fact issue from which a jury could infer that CPS Energy terminated him because he filed an internal complaint. *See Reeves*, 530 U.S. at 147-49; *Canchola*, 121 S.W.3d at 740. Zuniga has not met this burden. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (the burden of persuasion that the employer intentionally discriminated against the employee remains always with the employee).

Although Zuniga complains that CPS Energy's reason for terminating his employment was false, he failed to present any evidence that CPS Energy did not in good faith believe his unsatisfactory safety record posed a danger to Zuniga and others, but instead used his past safety violations as a pretext to terminate his employment in retaliation. *See Canchola*, 121 S.W.3d at 740 ("[I]t is not sufficient for Canchola to present evidence that the harassment investigation was

imperfect, incomplete, or arrived at a possibly incorrect conclusion. He must show that the reason proferred by Wal-Mart is false, *and* that discrimination was the real reason.") (internal citation omitted); *Chandler*, 376 S.W.3d at 822. Zuniga therefore failed to present more than a scintilla of evidence that the stated reason for his termination was a pretext for retaliation. *See Claymex Brick & Tile, Inc. v. Garza*, 216 S.W.3d 33, 37 (Tex. App.—San Antonio 2006, no pet.) (subjective and speculative beliefs of retaliatory treatment alone are insufficient to overcome motion for summary judgment); *Jespersen*, 390 S.W.3d at 656 (same). Thus, even if Zuniga met his burden to establish a prima facie case of retaliation, the summary judgment evidence shows a legitimate, non-retaliatory reason for CPS Energy's employment decision, and Zuniga failed to demonstrate that this reason was merely pretextual. Accordingly, we cannot conclude that the trial court erred in granting the no-evidence motion for summary judgment on Zuniga's retaliation claim.

## CONCLUSION

Based on the foregoing, we overrule Zuniga's sole issue on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice